

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

September 18, 1975

The Honorable John Lawhon
District and County Attorney
Denton County
P. O. Box 44
Denton, Texas 76201

Opinion No. H- 695

Re: Whether a county may
pay the director of its public
health district a salary plus
fees for certain other services.

Dear Mr. Lawhon:

You have requested our opinion concerning the following questions:

(1) May a county pay the director of its public health
district a salary of $12,000.00 per year and also
pay that director or other member of his medical
firm $275.00 per autopsy that he or a member of his
medical firm performs?

(2) May a county pay that director of his medical firm
additional fees for laboratory services performed
by them?

(3) May the health unit purchase drugs and other supplies
from that director or his firm?

You explain that the director and other members of his firm are the
only practicing pathologists in your county. Article 4447a, V. T. C. S.,
provides statutory authorization for the formation of a health district.
Section 6 provides that the authority vested in the county health officer may
be transferred to the director of a health district. Section 5(b) provides that
the director "shall be compensated in accordance with the terms of the agree-
ment under which the district is formed." The agreement in this instance
provides for the compensation of the director to be specified in the annual bud-
get.

Thus, the additional amount, if any, the director of the public health district
would receive for performing an autopsy would be determined in the annual budget.
Article 49.03, Code of Criminal Procedure, provides guidance as to the maximum
fee per autopsy which can be paid.

Your second and third questions concern contracts between a health district and the director or his medical firm for laboratory services, drugs, and other supplies not used in connection with an autopsy.  You explain that the director's firm is the only firm performing the required laboratory services in your county.

In Attorney General Opinion M-340 (1969) it was concluded that:

> . . . It is contrary to public policy for a physician, a member of a Board of Trustees of a community center to receive compensation for patient referral from the center.
>
> . . .
>
> It is contrary to public policy of this State for a member of a Board of Trustees of a community center to be a member of a Board of Trustees and a stockholder of corporations contracting with the community center.

This determination was in reliance upon Meyers v. Walker, 276 S.W. 305, 307 (Tex. Civ. App. --Eastland 1925, no writ) in which it was held that:

> . . . If a public official directly or indirectly has a pecuniary interest in a contract, no matter how honest he may be, and although he may not be influenced by the interest, such a contract so made is violative of the spirit and letter of our law, and is against public policy.

See Attorney General Opinions H-638 (1975), WW-1241 (1962), V-640 (1948), V-381 (1947).  Accordingly, in our opinion any contract, express or implied, between the director of a health district and a medical firm of which he is a member is against public policy and should not be entered into.

## SUMMARY

Where authorized by the agreement forming the public health district, the director of a district may receive compensation in addition to his regular salary for the performance of a properly authorized autopsy.

A contract between the director of a health district and a medical firm of which he is a member is against public policy.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: